NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN O'DONNELL; MICHAEL
VAN BELLEGHEM; PATRICIA VAN
BELLEGHEM, individually, and on
behalf of all others similarly situated,

Plaintiffs - Appellants,

v.

BANK OF AMERICA, NATIONAL
ASSOCIATION, a.k.a. Bank of America,
N.A.,

Defendant - Appellee.

No. 11-16351

D.C. No. 5:07-cv-04500-RMW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted December 5, 2012
San Francisco, California

Before:     **KOZINSKI**, Chief Judge, **HAWKINS** and **MURGUIA**, Circuit
Judges.

---

* This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36–3.

**1.** While we lost federal question jurisdiction when plaintiffs voluntarily dismissed their Truth in Lending Act claim, they meet the requirements for diversity jurisdiction. Their unopposed motion to perfect jurisdiction is therefore granted. See 28 U.S.C. § 1653; Fidelity & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914, 918 (9th Cir. 1979).

**2.** Nowhere in the mortgage agreement did Bank of America represent that it would apply monthly payments to principal if borrowers paid an amount insufficient to cover even the accrued interest. Plaintiffs have therefore failed to state a breach of contract claim that's plausible on its face. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Amparan v. Plaza Home Mortg., Inc., 678 F. Supp. 2d 961, 977 (N.D. Cal. 2008); Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049, 1071 (C.D. Cal. 2008).

**3.** The fraud and unfair competition claims would force Bank of America to make additional disclosures, and are thus expressly preempted by the regulation that privileges national banks to make real estate loans "without regard to state law limitations concerning" the terms of credit or required disclosures. See 12 C.F.R. § 34.4(a) (2007); see also Barnett Bank of Marion Cnty., N.A. v. Nelson, 517 U.S. 25, 33 (1996); Final Rule, 69 Fed. Reg. 1904, 1912 n.59 (Jan. 13, 2004). These

claims don't fall within the savings provision, <u>see</u> 12 C.F.R. § 34.4(b)(2), because they would more than "incidentally affect" the exercise of Bank of America's real estate lending powers.

**4.** The district court rightly dismissed the unfair competition claim premised on Bank of America's alleged violation of the Federal Trade Commission Act. The federal statute doesn't create a private right of action, <u>see</u> <u>Carlson</u> v. <u>Coca-Cola Co.</u>, 483 F.2d 279, 280 (9th Cir. 1973), and plaintiffs can't use California law to engineer one, <u>see</u> <u>Lucia</u> v. <u>Wells Fargo Bank, N.A.</u>, 798 F. Supp. 2d 1059, 1072 (N.D. Cal. 2011); <u>Summit Tech., Inc.</u> v. <u>High-Line Med. Instruments Co.</u>, 922 F. Supp. 299, 316 (C.D. Cal. 1996).

**5.** Because plaintiffs haven't shown that the Office of the Comptroller of the Currency (1) acted outside the bounds of its statutory authority to regulate national banks or (2) made a choice that was arbitrary or unreasonable, their claim that the preemption regulation has "no legal effect" lacks merit. <u>See</u> <u>Fid. Fed. Sav. & Loan Ass'n</u> v. <u>De la Cuesta</u>, 458 U.S. 141, 153–54 (1982); <u>Wells Fargo Bank N.A.</u> v. <u>Boutris</u>, 419 F.3d 949, 960 n.14 (9th Cir. 2005).

**AFFIRMED.**